UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lillie Miller, et al. v. Ethicon, Inc., et al.*<br><br>Case No. 2:12-cv-2942 | *ELECTRONICALLY FILED*<br><br>Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
TO EXCLUDE OPINIONS AND TESTIMONY OF
DR. ROGER MCLENDON AND DR. MARIA ABADI**

Plaintiffs have asserted no legitimate basis under *Daubert* or any other authority to exclude the opinions and testimony of Dr. McLendon or Dr. Abadi. Furthermore, Plaintiffs' Motion ignores the prior rulings of this Court, which have already specifically rejected Plaintiffs' arguments on these issues. Defendants Ethicon, Inc., Ethicon, LLC, and Johnson and Johnson (collectively, "Ethicon") request the Court to deny Plaintiffs' Motion.

**A. Dr. McLendon is not an improperly disclosed "sixth" expert.**

First and foremost, Dr. McLendon is not an improperly disclosed "sixth" expert, as Plaintiffs contend. This very argument has already been made unsuccessfully, and this Court has already ruled in Ethicon's favor on this issue. In fact, this Court ruled that Ethicon had no duty to disclose Dr. McLendon at all, since he "is not a testifying witness in this case." 09/07/2016 Order, Doc. No. 83 at p. 1. As this Court explained, "Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, 'a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705.' Fed. R. Civ. P.

26(a)(2)(A). Thus Ethicon had no duty to disclose Dr. McLendon as an expert witness because he will not present evidence at trial. *See* Fed. R. Civ. P. 26(a)(2)(A)." 09/07/2016 Order, Doc. No. 83 at pp. 1-2. Once again, Plaintiffs' Motion should be overruled.

> **B.     Dr. Abadi is permitted to rely upon Dr. McLendon's opinions and all of her opinions and testimony are admissible**.

Under Federal Rule of Evidence 703, "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. It is well established that under Rule 703, experts may rely on other experts, including non-testifying experts, and routinely do so. *See e. g., Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir 2002); *The Medicines Company v. Mylan Inc*., 2014 WL 1758135 (N.D. Ill. May 2, 2014) ("Indeed, expert need not base their opinions on first-hand knowledge or research actually conducted by the expert herself.") (citing *Daubert*, 509 U.S. at 592; *Walker v. Soo Line R.R.,* 208 F.3d 581, 588 (7th Cir. 2000)). "It is common in technical fields for an expert to base an opinion in part on what a different expert believes on the basis of expert knowledge not possessed by the first expert; and it is apparent from the wording of Rule 703 that there is no *general* requirement that the other expert testify as well." *Dura Automotive Systems of Indiana, Inc.*, 285 F.3d at 613 (emphasis in original).

With respect to medical testimony in particular, as the Seventh Circuit has observed,

> Medical professionals have long been expected to rely on the opinions of other medical professionals in forming their opinions. *See Birdsell v. United States,* 346 F.2d 775, 779–80 (5th Cir.1965) ("With the increased division of labor in modern medicine, the physician making a diagnosis must necessarily rely on many observations and tests performed by others and recorded by them ...."); *see also Durflinger v. Artiles,* 727 F.2d 888, 892–93 (10th Cir.1984); *Jenkins v. United*

*States,* 307 F.2d 637, 641–42 (D.C. Cir.1962); *Boehme v. Maxwell,* 309 F. Supp. 1106, 1110 (W.D. Wash.1968) (quoting *Birdsell*).

*Id*. at 588. Moreover, "Federal Rule of Evidence 703, the rule governing the appropriate bases of expert testimony, specifically contemplates, in its advisory committee notes, reliance on "reports and opinions from nurses, technicians and other doctors." *Id*.; *see also Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1142 (9th Cir.1997) (citing Rule 703). "Indeed, courts frequently have pointed to an expert's reliance on the reports of others as an indication that their testimony is reliable."[1] *Walker*, 208 F.3d at 588.

Both Dr. McLendon and Dr. Abadi are qualified as pathologists, albeit with differing subspecialties: Dr. McLendon is a neuropathologist, while Dr. Abadi is an anatomic pathologist. As recognized by the governing Federal Rule of Evidence 703 as well as federal case law on this issue, it is common and expected that medical professionals and medical experts will collaborate and rely upon the work of other experts in reaching their opinions and conclusions. This is entirely appropriate under the applicable law and does not render their opinions subject to exclusion. In fact, as this Court noted in its previous Order, "Instead of testifying, Dr. McLendon prepared a report which was relied upon by [Ethicon's testifying pathologist] and which was served as an attachment to [the testifying pathologist's report]." 09/07/2016 Order, Doc. No. 83 at p. 2. This Court noted that such reliance was both appropriate and expected in the context of this litigation as well.

Under well-established law, Dr. Abadi, a medical expert, is permitted to rely upon another expert in forming her opinions. Her opinions and testimony are admissible in this case.

---

[1] (citing *Hose v. Chicago Northwestern Transp. Co.,* 70 F.3d 968, 974 (8th Cir.1995); *United States v. Lawson,* 653 F.2d 299, 301–02 (7th Cir.1981); *Antoine–Tubbs v. Local 513, Air Transp. Div.,* 50 F.Supp.2d 601, 609 (N.D.Tex.1998); *Gess v. United States,* 991 F. Supp. 1332, 1338 (M.D.Ala.1997)).

### C. Dr. Abadi is permitted to rely upon hearsay in her opinions, and this Court has already ruled that this is not a valid basis for exclusion of expert opinions.

Finally, Plaintiffs' arguments that Dr. Abadi's opinions based on hearsay should be excluded is contrary to the plain language of the Federal Rules of Evidence and this Court's prior ruling. Federal Rule of Evidence 703 provides that evidence need not be admissible to be relied upon by an expert, so long as the facts or data would normally be relied upon by the expert in their field. Fed. R. Evid. 703 reads as follows:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. **If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted**. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703 (emphasis added). Experts, and particularly medical experts, are permitted to rely upon hearsay in reaching their opinions and routinely do so. Plaintiffs' argument is without merit.

Importantly, Plaintiffs' argument also ignores the clear ruling of this Court stating that it will not entertain hearsay objections as the basis for exclusion of expert opinion at this stage of the litigation. As this Court ruled just three weeks **before** Plaintiffs filed their Motion, "The court will not exclude an expert simply because a statement he or she discussed may constitute hearsay. *Cf. Daubert*, 509 U.S. 595. Hearsay objections are more properly raised at trial." *In re: Ethicon Pelvic Repair Systems Product Liability Litigation*, MDL No. 2327, 2016 WL 4493660 (S.D.W.V. August 25, 2016). Plaintiffs' arguments ignore the prior rulings of this Court on this specific issue and should once again be overruled.

## CONCLUSION

For these reasons, Ethicon respectfully requests the Court deny Plaintiffs' Motion to Exclude the Opinions and Testimony of Dr. Roger McLendon and Dr. Maria Abadi.

Respectfully submitted,

ETHICON, INC., ETHICON LLC and
JOHNSON & JOHNSON

/s/ *Susan J. Pope*
Susan J. Pope
FROST BROWN TODD LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
(859) 231-0000
spope@fbtlaw.com

Christy D. Jones
BUTLER SNOW LLP
Renaissance at Colony Park
1020 Highland Colony Parkway, Ste. 400
P. O. Box 6010
Ridgeland, MS 39158-6010
(601) 948-5711
Christy.Jones@butlersnow.com

David B. Thomas
THOMAS COMBS & SPANN
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1800
dthomas@tcspllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ *Susan J. Pope*
*Counsel for Defendants*

0000KIE.0633509  4848-9387-8586v1